**Opinion filed April 23, 2026**



## In The

# Eleventh Court of Appeals

_____

## No. 11-25-00315-CV

_____

## IN THE INTEREST OF P.S.R.F., D.M.R.F., D.A.R., P.R.R., B.I.R., B.E.R., B.L.R., AND Y.R.R., CHILDREN

**On Appeal from the 446th District Court**

**Ector County, Texas**

**Trial Court Cause No. E24059PC**

### M E M O R A N D U M   O P I N I O N

This is an appeal from a final order in which the trial court terminated the parental rights of the mother to her eight children, P.S.R.F.,[1] D.M.R.F., D.A.R., P.R.R., B.I.R., B.E.R., B.L.R., and Y.R.R.[2]  *See* TEX. FAM. CODE ANN. § 161.001 (West Supp. 2025).  We affirm.

---

[1]To protect the identities of the children, we refer to them by pseudonyms or initials.  *See* TEX. R. APP. P. 9.8(b).

[2]The trial court also terminated the parental rights of the established father of five of the children and alleged and unknown father of B.E.R., and the parental rights of the established father of B.L.R. and Y.R.R.  Only the mother appealed.

After a final termination hearing, the trial court found by clear and convincing evidence that Appellant: (1) endangered the children as set forth in Sections 161.001(b)(1)(D) and (E); (2) constructively abandoned the children pursuant to Section 161.001(b)(1)(N); and (3) used a controlled substance in a manner that endangered the health or safety of the children then failed to complete a court-ordered substance abuse program under Section 161.001(b)(1)(O). *See id.* § 161.001(b)(D), (E), (N), (O).[3] The trial court further found that termination of Appellant's parental rights was in the children's best interest. *Id.* § 161.001(b)(2).

Appellant's court-appointed counsel has filed a motion to withdraw in this court. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and concludes that there are no arguable issues to present on appeal. Counsel has provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and a copy of the clerk's record and reporter's record. Counsel also advised Appellant of her right to object to counsel's motion to withdraw, and to file a pro se response to counsel's *Anders* brief. *See* TEX. R. APP. P. 6.5. As such, court-appointed counsel has complied with the requirements of *Anders, Schulman*, and *Kelly. See Kelly v. State*, 436 S.W.3d 313, 318–20 (Tex. Crim. App. 2014)*; In re Schulman*, 252 S.W.3d 403, 406–09 (Tex. Crim. App. 2008); *see also Anders v. California*, 386 U.S. 738 (1967).

Appellant has not filed a pro se response to counsel's *Anders* brief. Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record in this case, and we agree that Appellant's appeal is frivolous and without

---

[3]We note that the legislature has amended Section 161.001(b)(1), which resulted in the renumbering of several provisions. *See* Act of May 16, 2025, 89th Leg. R.S. ch. 211, § 2, 2025 Tex. Sess. Law Serv. 573, 574–75. For instance, and as relevant to the trial court's findings in this case, former subsection (P) is now subsection (O). The amendments only apply to suits affecting the parent-child relationship that are pending on or after the effective date of the amendments; thus, we apply the law in effect at the time the suit was pending below. *Id.* § 3.

merit. With respect to the trial court's endangerment findings in particular, the evidence established that Appellant's pattern of drug abuse, accompanied by related dangers to the children, presented a substantial risk of harm to the children and rendered Appellant incapable of parenting. *See In re R.R.A.*, 687 S.W.3d 269, 278 (Tex. 2024); *In re J.O.A.*, 283 S.W.3d 336, 345 (Tex. 2009); *see also In re N.G.*, 577 S.W.3d 230, 234–35 (Tex. 2019) (addressing due process and due course of law considerations with respect to appellate review of grounds (D) and (E)).

Although we agree with appellate counsel's conclusion on the merits, an *Anders* motion to withdraw "may be premature" if filed in the court of appeals under the circumstances that are presented in this case. *See In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) ("[A]n *Anders* motion to withdraw brought in the court of appeals, in the absence of additional grounds for withdrawal, may be premature."). The court held in *P.M.* that, in parental termination cases, court-appointed counsel's duty to his or her client generally extends "through the exhaustion of [all] appeals." *Id.*; *see* FAM. § 107.016(2). In this regard, "appointed counsel's obligations can be satisfied by filing a petition for review that satisfies the standards for an *Anders* brief." *P.M.*, 520 S.W.3d at 27–28.

Accordingly, we deny counsel's motion to withdraw, and we affirm the trial court's order of termination.


W. STACY TROTTER

JUSTICE


April 23, 2026

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

3